Filed 12/19/22  P. v. Portillo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077435 |
| v. | (Super.Ct.No. RIF1901603) |
| EVER MIRANDA PORTILLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.

Affirmed.

Law Office of Zulu Ali & Associates and Whitney Ali, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and

Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Ever Miranda Portillo of seven counts of various sex offenses against two sisters who were minors. On appeal, Portillo argues there was insufficient evidence to convict him of at least two of the crimes. We affirm.

## I. FACTS

Prior to 2017 or 2018, D.O. and W.O. lived with their mother in a rented room. While they were living there, Portillo started dating mother, and would sometimes spend the night. One night while mother was at work and D.O.'s siblings were asleep, Portillo anally penetrated D.O. with his penis. D.O. told her mother, and Portillo did not return to the home after that.

In 2017 or 2018, mother and her children moved to another home, and Portillo eventually moved in with them. After moving in, Portillo penetrated W.O. with his penis on multiple occasions. He would also make her orally copulate him.

In April 2019, when D.O. was 11 and W.O. was 10, Portillo penetrated both sisters with his penis while they were together in the same room. Meanwhile, D.O. and W.O.'s cousins entered the home unexpectedly. When W.O. exited the room, one of her cousins saw Portillo between D.O.'s legs. D.O. and W.O. told their cousins what happened, and the cousins told their mother, D.O. and W.O.'s aunt.

The aunt took D.O. and W.O. to the hospital later that night, and one of the cousins called the police. The hospital performed a physical examination of both D.O. and W.O., including the outside of their genitals, but found no injuries to their genitals.

The hospital also swabbed the outside of D.O. and W.O.'s genitals for genetic material, but the Riverside County Sheriff's Department never submitted the swabs for testing.

The Riverside County District Attorney charged Portillo with sexual penetration of a child 10 years old or younger (Pen. Code,[1] § 288.7, subd. (b) (count 1)), three counts of committing a lewd and lascivious act on a child 14 years old or younger (§ 288, subd. (a) (counts 2-3, 7)), sexual intercourse with a child 10 years old or younger, (§ 288.7, subd. (a) (count 4)), oral copulation with a child 10 years old or younger (§ 288.7, subd. (b) (count 5)), and aggravated sexual assault on a child under 14 by way of rape using force or fear. (§ 269, subd. (a)(1) (count 6).) Counts 1 and 6 were based on the April 2019 rapes, while all other counts were based on previous incidents. The district attorney also alleged that these sex offenses were against more than one victim. (§ 667.61, subd. (e)(4).) In April 2021, a jury convicted Portillo of all charges and found the multiple victims allegation true. Portillo appealed the judgment.

## II. ANALYSIS

Portillo argues there was insufficient evidence to support at least two of his convictions. Specifically, he argues there was insufficient evidence of actual penetration, which is a necessary element in three of the convictions.

It is unclear exactly which convictions Portillo contends were unsupported by substantial evidence. His briefing summarizes the facts of only the April 2019 rapes and challenges evidence related to only that incident. As such, it appears Portillo argues only

---

[1] Undesignated statutory references are to the Penal Code.

3

that there was insufficient evidence to support the convictions related to those rapes, namely counts 1 (sexual penetration of a child 10 years old or younger) and 6 (aggravated sexual assault on a child under 14 by way of rape using force or fear). However, as discussed below, count 4 (sexual intercourse with a child 10 years old or younger) also requires proof of penetration of some kind.

When reviewing a sufficiency of the evidence claim, an appellate court determines " ' "whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Smith* (2005) 37 Cal.4th 733, 738-739 (*Smith*); *People v. Johnson* (1980) 26 Cal.3d 557, 578 (*Johnson*).) In doing so, we view the evidence in a light most favorable to the People and presume the existence of every fact the trier could reasonably deduce from the evidence which supports the judgment. (*Smith*, at p. 739.) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755.) "We resolve all evidentiary conflicts and questions of credibility 'in favor of the verdict . . . .' " (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014, quoting *People v. Cardenas* (2015) 239 Cal.App.4th 220, 226-227.)

"Substantial evidence must be of ponderable legal significance, reasonable in nature, credible and of solid value." (*People v. Briscoe* (2001) 92 Cal.App.4th 568, 585.) " 'The uncorroborated testimony of a single witness is sufficient to sustain a conviction,

4

unless the testimony is physically impossible or inherently improbable.' " (*People v. Duncan* (2008) 160 Cal.App.4th 1014, 1018.).

To prove Portillo was guilty of sexually penetrating a child 10 years old or younger, the prosecution needed to prove that some penetration occurred, "however slight, of the genital or anal opening of the other person . . . by any foreign object, substance, instrument, device, or any unknown object for the purpose of sexual abuse, arousal, or gratification." (CALCRIM No. 1128; see § 289, subd. (k)(1).) Similarly, for purposes of proving Portillo guilty of sexual intercourse with a child 10 years old or younger, sexual intercourse "means any penetration, no matter how slight, of the vagina or genitalia by the penis." (*People v. Mendoza* (2015) 240 Cal.App.4th 72, 79; see CALCRIM No. 1127.) The same definition of sexual intercourse holds for rape, and that definition is incorporated by section 269, subdivision (a), which criminalizes aggravated sexual assault on a child under 14 by way of rape. (§§ 261, subd. (a)(2), 263; *People v. Karsai* (1982) 131 Cal.App.3d 224, 231, disapproved on other grounds in *People v. Jones* (1988) 46 Cal.3d 585, 600, fn. 8; CALCRIM Nos. 1000, 1123.)

We conclude there was sufficient evidence of actual penetration to support Portillo's convictions for sexual penetration of a child 10 years old or younger and aggravated sexual assault on a child under 14 by way of rape using force or fear. Both victims testified that Portillo penetrated them using his penis during the April 2019 incident, and conviction for a sexual assault crime may be based on the uncorroborated testimony of a complaining witness alone. (*People v. Poggi* (1988) 45 Cal.3d 306, 326;

5

see CALCRIM No. 1190.) Portillo's argument is that the evidence was not sufficient to show actual penetration of the victims because physical examinations after the April 2019 rapes did not show any evidence of physical trauma, and swabs taken to test for genetic material were never actually tested. But the lack of forensic evidence does not mean the jury lacked evidence sufficient to convict. The victims' testimony was enough to support the jury's verdict, even if other evidence would have been stronger, or even if the absence of certain evidence might have convinced a jury to acquit.

To the extent Portillo also challenges his conviction for sexual intercourse with a child 10 years old or younger, we also conclude there was sufficient evidence supporting that conviction. Once again, W.O. testified that Portillo penetrated her with his penis before the April 2019 rape. This alone is sufficient to support the jury's verdict against him.

III. DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL           <br>J.

We concur:


RAMIREZ           <br>         P. J.


SLOUGH           <br>        J.